UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID P. CHRISTIAN,            ) | |
| Plaintiff,        ) | |
| v.            ) | Civil Action No. 11-0276 (ESH) |
| JOHN M. McHUGH,            ) | |
| Secretary of the Army, *et al.*,     ) | |
| Defendants.      ) | |

## MEMORANDUM OPINION

Plaintiff David P. Christian, proceeding *pro se*, brings this action against the Secretary of the Army and the Army Board for the Correction of Military Records (the "ABCMR") challenging the ABCMR's decision[1] that rejected his application for relief from a dishonorable discharge pursuant to a general court-martial. He seeks, as he did before the ABCMR, voidance of his dishonorable discharge, reinstatement to active duty, and promotion in accordance with his peers or, in the alternative, to upgrade his dishonorable discharge to honorable. Defendants have moved to dismiss or, in the alternative, for summary judgment. (*See* Defs.' Mot. to Dismiss, or in the Alternative, Mot. for Summary Judgment, July 7, 2011 [Dkt. No. 12].) For the reasons stated herein, defendants' motion is granted.

---

[1] The Board "acts for the Secretary of the Army, and [its] decision is final when it . . . denies any application." Army Reg. 15-185, § 2-13

## BACKGROUND

**I. STATUTORY BACKGROUND**

Article 125 of the Uniform Code of Military Justice ("UCMJ") defines the crime of "sodomy" and provides that "any person found guilty of sodomy shall be punished as a court-martial may direct." 10 U.S.C. § 925. Article 56 of the UCMJ further provides that "[t]he punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense." 10 U.S.C. § 856; *see also* 10 U.S.C. § 818 (general courts-martial may adjudge any punishment not forbidden by the UCMJ "under such limitations as the President may prescribe"). The President has executed this delegated authority[2] by establishing maximum punishments for certain offenses, which are set forth in Part IV (the "Punitive Articles") of the Manual for Courts–Martial ("MCM").[3] In the 1995 edition of the MCM, the "maximum punishment" for sodomy "with a child under the age of 12 years at the time of the offense" was "[d]ishonorable discharge, forfeiture of all pay and allowances, and confinement for life." MCM ¶ 51e(3) (1995 ed.).

In 1997, Congress added Article 56a to the UCMJ to "establish[] [the] sentence of confinement for life without eligibility for parole." National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105–85, § 581, 111 Stat. 1629, 1759 (1997). Article 56a, which took effect on November 18, 1997, provides that "[f]or any sentence for which a sentence of

---

[2]The Supreme Court has upheld the constitutionality of this general delegation of Congress's "authority to define criminal punishments" for military offenses. *Loving v. United States*, 517 U.S. 748, 768 (1996).

[3]The MCM also includes the "Rules for Courts-Martial" that "govern the procedures and punishments in all courts-martial." MCM, Part II, Rule 101.

confinement for life may be adjudged, a court-martial may adjudge a sentence of confinement for life without eligibility for parole." 10 U.S.C. § 856a.  In its 2002 edition, the MCM was amended to provide that the "maximum punishment" for sodomy "[w]ith a child under the age of 12 years at the time of the offense" was "[d]ishonorable discharge, forfeiture of all pay and allowances, and confinement for life without eligibility for parole."  Exec. Order No. 13,262, 67 Fed. Reg. 18,773 (April 17, 2002); MCM ¶ 51e(3) (2002 ed.)  At the same time, MCM Rule 1003(b)(7) was amended to provide that "[w]hen confinement for life is authorized, it may be with or without eligibility for parole," and that this amended Rule applied to offenses "committed after November 18, 1997."  Exec. Order No. 13,262, 67 Fed. Reg. 18,773 (April 17, 2002).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Plaintiff's Court-Martial

Plaintiff is a former enlisted member of the United States Army.  (Defs.' Facts ¶ 1.)  On July 23, 2001, while on active duty, he was charged with multiple acts of sexual misconduct with underaged females, three of whom were his stepdaughters, in violation of several articles of the Uniform Code of Military Justice ("UCMJ").  (*Id*. ¶ 2.)  The charges were referred to trial by General Court-Martial, which convened before a military judge on November 13, 2001.  (*Id*. ¶¶ 3, 5.)  Pursuant to a pretrial agreement, plaintiff pleaded guilty to sodomy with a child, in violation of Article 125, UCMJ, 10 U.S.C. § 925, two counts of indecent acts with a female under the age of 16, and committing indecent acts with a 16-year-old female, in violation of Article 134, UCMJ, 10 U.S.C. § 934.  (*Id*. ¶¶ 7, 9.)  Before the judge accepted plaintiff's plea, he informed plaintiff that the maximum possible sentence for the sodomy offense included

confinement for life without eligibility for parole ("LWOP").  (*Id.* ¶ 13.)  The military judge sentenced plaintiff to a dishonorable discharge, confinement for sixteen years, forfeiture of all pay and allowances, and reduction to Private, E-1.  (*Id.* ¶ 16.)  On May 3, 2002, the "convening authority" approved the findings and the sentence which had been imposed, except that it reduced plaintiff's confinement to fifteen years in accordance with the pretrial agreement and waived the automatic forfeiture of pay.  (*Id.* ¶ 17.)

### B. Direct Appeals

Pursuant to Article 66, UCMJ, 10 U.S.C. § 866(b), plaintiff's case was subject to mandatory review by the Army Court of Criminal Appeals ("ACCA").  (*Id.* ¶ 18.)  Before that court, plaintiff argued for the first time that LWOP was not an authorized punishment at the time he committed his sodomy offense and, therefore, that his guilty plea was "improvident."  (*Id.* ¶ 19; AR 54.)  Plaintiff based his argument on the fact that although the statute authorizing LWOP as punishment  for "any offense for which a sentence of confinement for life may be adjudged" was enacted on November 18, 1997, 10 U.S.C. § 856a(a), it was not incorporated into the MCM until April 11, 2002, after the date of plaintiff's offense.  Thus, plaintiff argued, LWOP was not an authorized punishment for his offense, and his pretrial agreement, plea, conviction and sentence were based on a mistake and should be set aside.

On July 27, 2004, the Army Court of Criminal Appeals summarily affirmed "the findings of guilty and the sentence as approved by the convening authority."  (AR 33.)  Plaintiff then appealed to the Court of Appeals for the Armed Forces ("CAAF"), the military's highest appellate court.  (AR 34.)  The Court of Appeals for the Armed Forces granted review and affirmed.  *United States v. Christian*, 63 M.J. 205 (C.A.A.F. 2006).  On the issue of "whether life

without eligibility for parole (LWOP) was an authorized punishment at the time [plaintiff] committed the offense of forcible sodomy of a child under twelve years of age," the court held that "LWOP was an authorized sentence" as of November 18, 1997, the date Section 56a of the UCMJ was enacted, and, therefore, that it was an authorized punishment at the time of plaintiff's offense and plaintiff's guilty plea was "provident." *Id.* at 206. The Supreme Court denied plaintiff's petition for a writ of certiorari on February 22, 2007. *Christian v. United States*, 549 U.S. 1214 (2007).

On February 5, 2008, after his direct appeals were concluded, plaintiff was dishonorably discharged pursuant to his court-martial sentence.

### C.     Habeas Review by Civilian Courts

On February 25, 2008, plaintiff filed a *pro se* Petition for Writ of Habeas Corpus in the United States District Court for the District of Kansas pursuant to 28 U.S.C. §2241.[4] *Christian v. Commandant, U.S. Disciplinary Bd.*, No. 08-3060, 2011 WL 146797, at *1 (D. Kan. 2011.) Habeas corpus relief can be granted under § 2241 to a federal prisoner who demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Plaintiff sought habeas relief on a number of grounds, only two of which are relevant: (1) "whether his guilty plea was improvident because it was made involuntarily, unknowingly and uninformedly," and (2) "whether [plaintiff's] conviction and sentence were unconstitutional as the result of an ex post facto application of the law." *Christian v.*

---

[4]Although the federal civil courts are generally barred from directly reviewing court-martial decisions, they do have the power to examine such decisions through various forms of collateral review, including by filing a petition for a writ of habeas corpus, in order to determine whether the military courts have exceeded their authority.

*Commandant*, 2011 WL 146797, at *1.  Underlying both issues was plaintiff's contention that he would not have pleaded guilty had he not erroneously been told that his maximum possible sentence was LWOP when, according to plaintiff, under the applicable MCM, at the time, the maximum punishment for the charged offenses was confinement for life.  *Id.* at *2.  The court rejected both claims on the ground that it agreed with the military courts that the maximum sentence of LWOP was effected by Congress through Article 56a of the UCMJ before petitioner committed the crimes to which he pleaded guilty, notwithstanding the MCM.  *See id.* at *4 ("[i]t would be contrary to the primacy of Congressional authority in this field to hold that the dictates of Article 56a did not apply or were not effective until the President employed his delegated power under Article 56 to increase the maximum punishment from confinement for life to LWOP").  Thus, the court concluded that plaintiff's plea was not involuntary or unknowing,[5] and there was no violation of the ex post facto clause.  *Id.* at *4-*5.  Finding no other basis for granting relief, the court dismissed plaintiff's petition on January 18, 2011.  *Id.* at 8.  On appeal, the Court of Appeals for the Tenth Circuit affirmed on two independent grounds: (1) that the military court had given "full and fair consideration to the issues," and (2) "the claims have no merit."  *Christian v. Commandant, U.S. Disciplinary Bd.*, 436 Fed. Appx. 870, 873, 2011 WL 3625063, at *3 (10th Cir. Aug. 18, 2011).

---

[5]On the issue of whether plaintiff's plea was "involuntary and unknowing," the court first held that "review of the military courts' decision is outside the scope of this court's jurisdiction" because "the military courts have given full and fair consideration to the claimed error, applying proper legal standards."  *Id.* at *4.  The court, however, went on to set forth its "alternative holding" that it agreed with the military courts on the merits.  *Id.*

**D.     Review by Military Boards**

**1.     Army Board for Correction of Military Records**

On March 13, 2009, while plaintiff's habeas petition was still pending before the district court, he submitted an application for review pursuant to 10 U.S.C. § 1552 to the ABCMR. (AR 51-74.) Relying again on his belief that LWOP was not an authorized punishment at the time of his offense and, therefore, that he "had been coerced into taking a plea bargain for a lesser sentence, for an offense that he was not guilty of," he requested "reinstatement, promotion with his peers, removal of all traces of his illegal and unconstitutional court-martial and the dishonorable discharge that resulted from that court-martial, and any further relief this board feels appropriate." (AR 53.) The Board, which is composed of civilians appointed by the Secretary of the Army, "may correct any military record of the Secretary's department when the Secretary [acting through the Board] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). However, "[w]ith respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed . . . under the Uniform Code of Military Justice," the Board's "action under subsection (a) may extend only to– (1) correction of a record to reflect actions taken by reviewing authorities . . . under the Uniform Code of Military Justice . . . ; or (2) action on the sentence of a court-martial for purposes of clemency." 10 U.S.C. § 1552(f).

The Board denied plaintiff's application for relief. (AR 1.) Noting that "court-martial convictions stand as adjudged or modified by appeal through the judicial process," the Board stated that it was "not empowered to change a discharge due to matters which should have been raised in the appellate process, rather it "[was] only empowered to change the severity of the

sentence imposed in the court-martial process and then only if clemency is determined to be appropriate." (AR 4-5.) Clemency, it further observed, "is an act of mercy, or instance of leniency, to moderate the severity of the punishment imposed." (AR 7.) According to the Board, plaintiff "has submitted no evidence other than his assertions that he was coerced into taking a plea bargain for a lesser sentence for an offense that he was not guilty of and that his trial was illegal and unconstitutional." (AR 7.) Under those circumstances, the Board concluded that plaintiff "is not entitled to an upgrade of his dishonorable discharge. He has not shown error, injustice or inequity for the relief he now requests." (AR 7.) On December 23, 2009, the Board sent plaintiff a letter notifying him that his application had been denied. (AR 1.)

### 2. Army Discharge Review Board

For reasons that are not apparent from the record, on June 23, 2009, plaintiff conditionally withdrew his application from the ABCMR so that he could proceed instead before the Army Discharge Review Board ("ADRB"). (AR 50.) The ADRB exists "to review the discharge or dismissal (other than a discharge or dismissal by sentence of a general court-martial) of any former member of an armed force under the jurisdiction of his department upon its own motion or upon the request of the former member." 10 U.S.C. § 1553(a). After plaintiff submitted his "Application for the Review of Discharge from the Armed Forces of the United States" to the ADRB (AR 10), the Army Review Boards Agency ("ARBA") informed him that "the ADRB does not have the authority to review [his] application" because he underwent a General Court-martial" and that the "the only board which [could] review his application is the ABCMR." (AR 9.)

E.     **Current Litigation**

After the Board denied relief, plaintiff filed the pending case against the Board and the Secretary of the Army. According to plaintiff, he is seeking the following: (1) a writ of mandamus directing the Board to change his military records by reinstating him to active duty, promoting him with his peers and upgrading his dishonorable discharge to honorable; or (2) an order from this Court that his dishonorable discharge be upgraded to honorable; or (3) a declaratory judgment that his dishonorable discharge is null and void and that he has never been separated from the Army, or that his discharge should be upgraded to honorable.[6] As grounds for the relief he seeks, plaintiff identifies five "issues" for the Court to review: (1) whether "the Army Court-Martial violated the constitutional due process clause by threatening plaintiff with a punishment that did not exist at the time of the alleged offense or at the time of his trial"; (2) whether "the Army Appellate Courts erried[sic] in their review of plaintiff's case, by affirming the lower court's violation of plaintiff's constitutional rights"; (3) whether "the ADRD had the power and duty to upgrade a discharge that had resulted from a constitutionally flawed court-martial, but refused to exercise this power, contrary to their mandate"; (4) whether "the ABCMR had the power and duty to upgrade a discharge that had resulted from a constitutionally flawed court-martial, but refused to exercise this power, contrary to their mandate"; and (5) whether "the ABCMR erred when they relied on the military court's faulty decision as an excuse for not exercising their power to correct an injustice." (Pl.'s Compl. at 4-5.) Before the Court is

---

[6] It initially appeared to the Court that plaintiff's claim arose under the Privacy Act, but upon further briefing and review of the record, it is clear that the Privacy Act does not apply. The Court will, therefore, vacate the January 31, 2011 Order to the extent it denied plaintiff's petition for a writ of mandamus or a declaratory judgment on the ground that the Privacy Act was an alternative grounds for relief. (*See* Mem. Op. & Order, Jan. 31, 2011 [Dkt. No. 4]).

defendants' motion to dismiss or, in the alternative, for summary judgment.

## ANALYSIS

Defendants argue that plaintiff's claims are barred by the doctrine of res judicata.[7] The Court agrees. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)). At issue in the present case is the doctrine of issue preclusion, which "bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context

---

[7]According to defendants, "'a motion for dismissal based on *res judicata* properly falls under Federal Rule of Civil Procedure 12(b)(1).'" (Defs.' Mem. at 7 (quoting *Youngin's Auto Body v. District of Columbia*, 711 F. Supp. 2d 72, 76 (D.D.C. 2009).) However, the opinion quoted by defendants was subsequently amended to eliminate that language and replace it with the following: "Although the defense of res judicata is jurisdictional in character, it is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and therefore is not a per se jurisdictional bar to court review as contemplated by Federal Rule of Civil Procedure 12(b)(1)." *Youngin*, 775 F. Supp. 2d 1, 6 (D.D.C. 2011); *see also Smalls v. U.S.*, 471 F.3d 186, 190 (D.C. Cir. 2006) ("the defense of res judicata, or claim preclusion, while having a 'somewhat jurisdictional character,' does not affect the subject matter jurisdiction of the district court." (quoting *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir.2005)). A defense of res judicata may, however, be properly raised pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim or via a Rule 56 motion for summary judgment where, as here, matters outside the pleadings are presented to and not excluded by the court. *See Holy Land Found. for Relief and Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).

of a different claim.[8]  *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001)).  In order for issue preclusion to apply, three elements must be shown:  "'[1], the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[; 2], the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case [; and] [3], preclusion in the second case must not work a basic unfairness to the party bound by the first determination.'"  *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Amer. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).  A defendant who was not a party to the earlier litigation may assert issue preclusion as a defense "to prevent a plaintiff's litigation of issues the plaintiff previously litigated and lost" even though the defendant is not bound by the prior judgment.  *See McCord v. Bailey*, 636 F.2d 606, 609 n.1 (D.C. Cir.1980) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328-29 (1971); *Parklane Hosiery v. Shore*, 439 U.S. 322, 329-331 (1979)).

Of the five "issues" plaintiff identifies as grounds for the relief he seeks, all rest on his belief that LWOP was not an authorized punishment for his offense and, therefore, that he was coerced into a guilty plea that he would otherwise not have made.  The problem for plaintiff, however, is that the issue of whether LWOP was an authorized punishment for his offense was actually litigated and decided adversely to plaintiff by the federal courts in his habeas action challenging his court-martial, *Christian v. Commandant*, 2011 WL 146797, at *4; *Christian v.*

---

[8]"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Taylor*, 553 U.S. at 748 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

*Commandant*, 436 Fed. Appx. at 873, 2011 WL 3625063, at *3, and both of these are courts of competent jurisdiction whose rulings are entitled to preclusive effect in a subsequent civil proceeding. Nor does the Court discern any basis in the record for concluding that application of the doctrine of issue preclusion would work a "basic unfairness" to plaintiff. Accordingly, to the extent plaintiff's claims rest on his contention that LWOP was not an available punishment, they are barred by the doctrine of res judicata.[9]

## CONCLUSION

Accordingly, and for the reasons stated herein, plaintiff's claims are barred by the doctrine of res judicata and defendants' motion to dismiss or for summary judgment is granted.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: March 12, 2012

---

[9] Even if one could argue that issue preclusion is not dispositive, the outcome would not change because the Court is persuaded by the analysis of the military courts and the federal civilian courts that LWOP was an authorized punishment at the time of plaintiff's offense. *See United States v. Christian*, 63 M.J. at 206; *Christian v. Commandant*, 2011 WL 146797, at *4; *Christian v. Commandant*, 436 Fed. Appx. at 873, 2011 WL 3625063, at *3.